

FILED by ____ MM ___ D.C.

**Jul 28, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **22-20342-CR-MOORE/LOUIS**

**26 U.S.C. § 7202**

**UNITED STATES OF AMERICA**

vs.

**ARI P. WEINGRAD,**

   **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

### *Parties and Entities*

At times relevant to this Indictment:

1.    Rent Max Miami, Inc. was a corporation headquartered in Miami, Florida, within the Southern District of Florida. Rent Max Miami was a car rental company with employees and locations throughout the state of Florida, including in Miami, Tampa, and Orlando.

2.    Rent Max North, Inc. was a corporation headquartered in Fort Lauderdale, Florida, within the Southern District of Florida. Rent Max North was a car rental company affiliated with Rent Max Miami.

3.    Defendant **ARI P. WEINGRAD** was the sole owner and Chief Executive Officer of Rent Max Miami, and the President and co-owner of Rent Max North. **WEINGRAD** controlled

1

the companies' bank accounts, approved payments, and signed payroll checks and vendor payments.

### *Trust Fund Tax Withholding Requirements*

4.       The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the Internal Revenue Service ("IRS") on behalf of their employees. Collectively, these withheld taxes were known as "trust fund taxes."

5.       An individual who had the authority required to exercise significant control over the employer's financial affairs was responsible for collecting, accounting for, and paying over the withheld trust fund taxes, and was called a "responsible person." Responsible persons whose employer's annual liability for trust fund taxes was greater than $1,000 were required to report the employment taxes due for the employer on an Employer's Quarterly Federal Tax Return ("Form 941") on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

6.       In certain circumstances, the IRS may seek to impose a Trust Fund Recovery Penalty against a responsible person who has failed to pay the withheld trust fund taxes.  The Trust Fund Recovery Penalty is a financial penalty assessed against an individual who is a responsible person for trust fund taxes, who willfully fails to collect or pay those taxes over to the United States as required by law.

### *Weingrad's Trust Fund Tax Withholding*

7.      In or around 2004, the IRS conducted collection actions with respect to another one of **ARI P. WEINGRAD**'s businesses.   At or around the same time, an IRS Revenue Officer advised **WEINGRAD** of his obligation to pay over trust fund taxes that he withheld from his employees' wages.

8.      In or around November of 2015, the IRS conducted an examination of Rent Max Miami, Rent Max North, and **ARI P. WEINGRAD** for failing to pay over trust fund taxes due to the IRS for quarterly tax periods from 2011 to 2015. As part of that examination, **WEINGRAD** met with an IRS Revenue Agent who discussed with **WEINGRAD** his obligation to truthfully collect, account for, and pay over trust fund taxes he withheld from his employees' paychecks.

9.      Rent Max Miami failed to file a Form 941 for the 2nd Quarter of 2016. However, for that same quarter, Rent Max Miami filed a Florida Department of Revenue Employer's Quarterly Report that reported that the company employed more than 50 employees during the 2nd Quarter of 2016 and paid gross wages of $507,605.29 to the employees.

10.     On or about October 31, 2016, **ARI P. WEINGRAD** caused the filing of a delinquent Form 941 with the IRS for Rent Max North for the 2nd Quarter of 2016, which he signed as the company's President.  The Form 941 reported that the company withheld trust fund taxes from its employees' wages, and did not pay those taxes to the IRS.

11.     On or about January 31, 2017, defendant **ARI P. WEINGRAD** caused the filing of a delinquent Form 941 with the IRS for Rent Max North for the 3rd Quarter of 2016, which was due on September 30, 2016, and which he signed as the company's President.  The Form 941 reported that the company withheld trust fund taxes from its employees' wages, and did not pay those taxes to the IRS.

3

12.     From at least April of 2016 through the date of this Indictment, **ARI P. WEINGRAD** caused Rent Max Miami and Rent Max North to spend corporate funds to pay discretionary expenses, which included but were not limited to:

a.) A $50,000 cashier's check payable to **WEINGRAD** in October of 2016;

b.) A $20,000 cashier's check payable to **WEINGRAD**'s wife in November of 2016;

c.) A $25,000 cashier's check payable to **WEINGRAD**'s wife in December of 2016; and

d.) Expenses related to a 55 foot yacht.

## COUNTS 1 – 3
### Failure to Pay Over Payroll Taxes
### (26 U.S.C. § 7202)

1.     The General Allegations section of this Indictment is hereby realleged and incorporated by reference.

2.     As the sole owner and Chief Executive Officer of Rent Max Miami, and as the President and co-owner of Rent Max North, **ARI P. WEINGRAD** was a "responsible person," with responsibility to collect, truthfully account for, and pay over Rent Max Miami's and Rent Max North's trust fund taxes.

3.     On or about the dates listed below, in Miami-Dade and Broward counties, in the Southern District of Florida and elsewhere, the defendant,

**ARI P. WEINGRAD,**

did willfully fail to collect, truthfully account for, and pay over to the IRS the trust fund taxes, that is, withheld federal income taxes and FICA taxes, due and owing to the United States on behalf of the following entities and their employees, for each of the following quarters, with each calendar quarter constituting a separate count of the Indictment:

4

| Count | Entity | Quarter | Approximate Trust Fund Tax Due Date |
|-------|--------|---------|-------------------------------------|
| 1 | Rent Max Miami | 2nd Quarter 2016 | July 31, 2016 |
| 2 | Rent Max North | 2nd Quarter 2016 | July 31, 2016 |
| 3 | Rent Max North | 3rd Quarter 2016 | October 31, 2016 |

In violation of Title 26, United States Code, Section 7202.

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

PATRICK ELWELL
TRIAL ATTORNEY, TAX DIVISON
UNITED STATES DEPARTMENT OF JUSTICE

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**                              **CASE NO.:** _____

**v.**

ARI P. WEINGRAD,                                         **CERTIFICATE OF TRIAL ATTORNEY\***

_____/                       **Superseding Case Information:**
                **Defendant.**
**Court Division** (select one)                           New Defendant(s) (Yes or No) _____
   ☑ Miami  ☐ Key West  ☐FTP        Number of New Defendants ____
   ☐ FTL   ☐ WPB                         Total number of New Counts ____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.   Interpreter: (Yes or No) **No**_____
   List language and/or dialect: _____

4.   This case will take **6** days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

   (Check only one)           (Check only one)
   I   ☐ 0 to  5 days      ☐ Petty
   II  ☑ 6 to 10 days     ☐ Minor
   III ☐11 to 20 days   ☐ Misdemeanor
   IV ☐21 to 60 days   ☑ Felony
   V  ☐61 days and over

6.   Has this case been previously filed in this District Court? (Yes or No) **No**_____
   If yes, Judge _____ Case No. _____
7.   Has a complaint been filed in this matter? (Yes or No) **No**_____
   If yes, Magistrate Case No. _____
8.   Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**_____
   If yes, Judge _____ Case No. _____
9.   Defendant(s) in federal custody as of _____
10.  Defendant(s) in state custody as of _____
11.  Rule 20 from the _____ District of _____
12.  Is this a potential death penalty case? (Yes or No) **No**_____
13.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**_____
14.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**_____

By: _____
ANA MARIA MARTINEZ
Assistant United States Attorney
FL Bar No.    0735167

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **ARI P. WEINGRAD**

**Case No**:

**Counts #:  1 – 3**

Title 26, United States Code, Section 7202

Willful Failure to Collect or Pay Over Tax

\* **Max. Term of Imprisonment:    5 years as to each count**

\* **Mandatory Min. Term of Imprisonment (if applicable):   N/A**

\* **Max. Supervised Release:    3 years as to each count**

\* **Max. Fine:     $250,000 or twice the gross gain or loss resulting from the offense**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**